IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZACHERY TREY ALLEN                                                         PLAINTIFF
ADC #158242

v.                          No: 4:23-cv-00198-KGB-PSH

STEVEN D. BROWN, *et al.* [1]                                              DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Zachery Trey Allen filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) while incarcerated at the Arkansas Division of Correction's Tucker Unit. Allen was subsequently granted leave to proceed *in forma pauperis*

---

[1] The Clerk of Court is directed to remove Warden Todd Ball as a defendant in this case because he is not listed as a defendant or described in Allen's amended complaint (Doc. No. 7).

and invited to file an amended complaint to clarify and narrow his claims. Doc. Nos. 4 & 6. He was cautioned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. Doc. No. 6 at 4. Allen filed an amended complaint on May 2, 2023 (Doc. No. 7). The Court has liberally construed[2] Allen's amended complaint for screening purposes and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

---

[2] *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

Allen complains that defendants Sergeant David Hutchinson and Corporal Jerome Eason placed him in an isolation cell on January 1, 2023, with no clothing or a blanket on the orders of Lieutenant Steven Brown. Doc. No. 7 at 4. He claims that Sergeant Roberson denied him a blanket or boxers on January 2, 2023, and that Major Johnson released him on January 4, 2023, but denied witnessing him naked. *Id.* Allen claims that temperatures outside were below 40 and the fans were turned on for two days. *Id.* Allen fails to state a claim upon which relief may be granted for the reasons described below.

The treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 832 (1970). To prevail on a conditions of confinement

claim, a prisoner must show (1) the alleged deprivation was, "objectively, sufficiently serious," and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer,* 511 at 834. "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, . . ." *Farmer v. Brennan*, 511 U.S. at 832 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)); *see also O'Leary v. Iowa State Men's Reformatory,* 79 F.3d 82, 83–84 (8th Cir. 1996) (no constitutional violation for limited denial of underwear, blankets, mattress, exercise, and visits); *Williams v. Delo,* 49 F.3d 442, 446 (8th Cir.1995) (no constitutional violation for inmate confined to a "strip cell" for four days without clothes, water, bedding, a mattress, soap, or other hygiene items); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963-964 (8th Cir. 1995) (finding no Eighth Amendment violation when inmate was placed in "strip cell for two days without clothing, bedding, or running water, with a concrete floor, a concrete slab for a bed, and cold air blowing on him").

The Eighth Amendment guarantees prisoners the right to adequate shelter and protection from extreme cold, and courts examine allegations of the severity of the cold and the length of time a prisoner is exposed to it in determining whether there has been a constitutional violation. *Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir. 1997). *See e.g.*, *Corselli v. Coughlin*, 842 F.2d 23, 27 (2d Cir. 1988) (plaintiff

alleged he was exposed to cold temperatures for approximately three months and it was so cold that ice was forming in his toilet); *Dixon v. Godinez*, 114 F.3d at 644 (plaintiff testified "that ice persistently formed on the walls of the cells suggest[ed] that temperatures in the cell block were literally freezing, during the day as well as at night, and that this condition continued unchanged for several winters"); *Bennett v. Chitwood*, 519 Fed. Appx. 569, 574 (11th Cir. 2013) (no objectively serious deprivation was demonstrated where the "case [was] not one in which ice formed inside the cell"); *Diggs v. Godinez*, 1997 WL 308847, at *6 (N.D. Ill. June 3, 1997) (plaintiff asserted "that ice often formed on the inside of [the plaintiff's] own cell, and that [the plaintiff] lacked extra blankets or a space heater" for one year); *Dillingham v. Schofield*, 2011 WL 3664470, at *8 (E.D. Tenn. Aug. 19, 2011) (plaintiff alleged that the temperature outdoors was below zero and that ice formed in the cell for a period of three days, which caused the skin on the plaintiff's fingers to crack and bleed).

Allen alleges he was without clothing or a blanket for three days while housed in an isolation cell. He alleges no specific injury as a result of these conditions,[3]

---

[3] Allen mentions not receiving his medications for schizophrenia, but he does not allege the named defendants denied him this medication or were otherwise deliberately indifferent to his serious medical needs.

other than humiliation.[4] His main complaint is that he was cold; he maintains that temperatures were below 40 degrees on January 1-4, 2023. Doc. No. 7 at 4. He does not allege that ice formed in his cell or that he suffered any particular injury due to being cold.[5] Accepting Allen's allegations as true, the Court recognizes that he would have certainly been uncomfortable in these conditions. Unfortunately, the cited case law compels the Court to find that the alleged conditions do not rise to the level of a denial of a civilized measure of life's necessities. Accordingly, Allen fails to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, Allen's conditions-of-confinement claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is therefore recommended that:

---

[4] "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)); *see also Johnson v. State of Mo.*, 142 F.3d 1087, 1088 (8th Cir. 1998) ("'To establish standing, a party must, at a minimum, have suffered an 'injury-in-fact,' fairly traceable to the defendant's conduct, which is likely to be redressed by a favorable decision.'") (quoting *Brouhard v. Lee*, 125 F.3d 656, 661 (8th Cir. 1997)). Additionally, a prisoner-plaintiff may not recover compensatory damages for emotional injury without also showing a physical injury (or the commission of a sexual act). 42 U.S.C. § 1997e(e).

[5] The Court takes judicial notice that the low temperatures in Central Arkansas on the dates in question ranged from 45-66 degrees Fahrenheit, well above freezing. *See* Fed. R. Evid. 201; https://www.wunderground.com/history/weekly/us/ar/little-rock/KLIT/date/2023-1-1.

1. Allen's claims be dismissed without prejudice.

2. Allen's pending motions for injunctive relief (Doc. Nos. 3 & 8) be denied as moot.[6]

3. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

SO RECOMMENDED this 9th day of May, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] Allen's motions for injunctive relief should also be denied because they are unrelated to the claims he sets forth in his amended complaint concerning his placement on behavior control January 1-4, 2023. In his first motion for injunctive relief, he asks for a transfer to another unit because Major Antonio D. Johnson Jr. let his staff threaten him with physical abuse and refused to allow him anything to drink from February 22-24, 2023. Doc. No. 3. In his second motion for a temporary restraining order, Allen alleges that guards at the Tucker Unit are threatening him, using intimidation tactics, and withholding his legal mail. Doc. No. 8.